## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br><br>      Plaintiff,<br><br> v.<br><br>J.P. MASCARO & SONS, SOLID WASTE SERVICES, INC., J.P. MASCARO TOTAL RECYCLE, AND TOTAL RECYCLE INC., AND PATRICIA BISCHOFF AS ADMINISTRATOR OF THE ESTATE OF KELLEN J. BISCHOFF<br><br><br>      Defendants. | Civil Action No.  2:25-cv-1547 |

### PLAINTIFF ADMIRAL INSURANCE COMPANY'S COMPLAINT AGAINST DEFENDANTS J.P. MASCARO & SONS, SOLID WASTE SERVICES, INC., J.P. MASCARO TOTAL RECYCLE, AND TOTAL RECYCLE, INC.

Plaintiff, Admiral Insurance Company ("Admiral"), by and through its counsel, Goldberg Segalla LLP, files this Declaratory Judgment Complaint against Defendants J.P. Mascaro & Sons, Solid Waste Services, Inc., J.P. Mascaro Total Recycle, and Total Recycle, Inc. (collectively, the "Mascaro Defendants"), and avers the following:

## I.    The Parties

1.    Admiral is a Delaware corporation with its principal place of business at 7233 E. Butherus Drive, Scottsdale, Arizona.

2.    Upon information and belief, Solid Waste Services, Inc. ("Solid Waste") is a Pennsylvania corporation with its principal place of business in Audubon, Pennsylvania.

3.    Upon information and belief, J.P. Mascaro & Sons ("JPM") is a Pennsylvania corporation with its principal place of business in Souderton, Pennsylvania.

4.    Alternatively, upon information and belief, JPM is a trade name registered to Solid

Waste.

5.    Upon information and belief, JP Mascaro & Total Recycle ("JPMTR") is a Pennsylvania corporation with its principal place of business in Birdsboro, Pennsylvania.

6.    Upon information and belief, Total Recycle, Inc. ("Total Recycle") is a Pennsylvania corporation with its principal place of business in Birdsboro, Pennsylvania.

7.    Patricia Bischoff, as Administrator of the Estate of Kellen J. Bischoff ("Bischoff") is a nominal party against whom Admiral seeks no relief.

## II.    Jurisdiction and Venue

8.    The Court has jurisdiction over this dispute according to 28 U.S.C. § 1332.

9.    Based upon information and belief, Admiral is diverse in citizenship from the Mascaro Defendants.

10.    As domiciliaries of Pennsylvania, the Mascaro Defendants are subject to general personal jurisdiction in Pennsylvania.

11.    The Mascaro Defendants availed themselves of Pennsylvania's jurisdiction by conducting business or other transactions in Pennsylvania of sufficient quality and quantity to be subject to specific personal jurisdiction in Pennsylvania.

12.    This litigation arises from an insurance coverage dispute among Admiral and the Mascaro Defendants related to a personal injury action captioned *Patricia Bischoff, as Administrator of the Estate of Kellen J. Bischoff v. J.P. Mascaro & Sons, Solid Waste Services, Inc., J.P. Mascaro Total Recycle, Total Recycle Inc., et al.*, pending in the Court of Common Pleas for Philadelphia County, No. 241101122 (the "Bischoff Action"). A copy of the complaint filed in the Bischoff Action (the "Bischoff Complaint") is attached hereto as Exhibit A. (The parties named as defendants in the Bischoff Complaint are hereinafter referenced as the "Bischoff Defendants")

13.    The Bischoff Complaint alleges that Kellen J. Bischoff ("Kellen") lost his life, in

1

part, due to the Mascaro Defendants' alleged actions.

14.    Therefore, based upon information and belief, including based upon the allegations in the Bischoff Complaint, the damages alleged in the Bischoff Action exceed $75,000.

15.    Admiral issued an insurance policy to Solid Waste and other entities with limits of insurance exceeding $75,000.

16.    This Court has subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201.

17.    Venue in the United States District Court for the Eastern District of Pennsylvania is proper because the Mascaro Defendants' principal places of business are located in the Commonwealth of Pennsylvania, in a county identified by 28 U.S.C. § 118, and pursuant to 28 U.S.C. § 1391(b)(1) as defined by 28 U.S.C. § 1391(c).

18.    A substantial part of the events giving rise to Admiral's cause of action arose in this venue, including: (a) the delivery of an Admiral insurance policy to Solid Waste; and (b) the Bischoff Action is venued in Philadelphia County.

19.    Thus, venue is also appropriate under 28 U.S.C. § 1391(b)(2).

**III.    Facts Giving Rise to this Dispute**

**A.    The Allegations in the Bischoff Complaint**

20.    Bischoff alleges that Kellen was slowly crushed to death in the back of a waste/recycling removal truck on November 12, 2022. *See* Exhibit A at ¶ 40.

21.    According to the allegations of the Bischoff Complaint, on or about November 11, 2022, Kellen was visiting his brother at Kutztown University, where, earlier in the evening, he attended a party with friends held at a commercial premises at 28 Noble St., Kutztown, PA.(the "Noble Property") *Id.* at ¶¶ 41-42.

2

22.     Landis Hometown Properties, a defendant in the Bischoff Action, allegedly rented the Noble Property to a group of people. *Id.* at ¶ 43.

23.     Kellen and his friends were charged money for admission to the party on the Noble Property, which also allowed them to drink alcohol served by the Bischoff Defendants, despite being underaged. *Id.* at ¶¶ 44-45.

24.     The Bischoff Complaint alleges that Kellen became intoxicated and was separated from the other underaged attendees with whom he attended. *Id.* at ¶ 46.

25.     At 8:10 a.m. on November 12, 2022, an employee at JP Mascaro Total Recycle responsible for sorting trash identified a body on a conveyor belt at that facility. *Id.* at ¶ 48.

26.     According to the Bischoff Complaint, the body, which showed signs of trauma, was identified as Kellen Bischoff. *Id.* at ¶¶ 49-50.

27.     An investigation revealed that Kellen, who was intoxicated, climbed into a recycling dumpster located at the rear of a Dollar Tree store at Kutztown Village. *Id.* at ¶¶ 51, 53.

28.     Allegedly, the investigation revealed that several hours later, video surveillance confirmed that a waste management/ recycling truck owned, maintained, and/or controlled by the Mascaro Defendants picked up the recyclables. *Id.* at ¶ 55.

29.     Bischoff contends that the operator of the truck stated to the police that he would have crushed the load two times before delivering it to Mascaro recycling facility. *Id.* at ¶ 56.

30.     The Bischoff Complaint includes several counts, including the following directed to the Mascaro Defendants: Count IX – Survival Action and Count X – Wrongful Death Action and Count XI – Strict Product Liability.

31.     Counts IX and X seek punitive damages.

**B.      The Admiral Policy**

32.     Admiral issued policy number CA000014543-14 to Solid Waste, JPM, and Total

Recycle (the "Named Insureds") for the term beginning November 1, 2022 and ending on November 1, 2023 (the "Policy"). A copy of the Policy is attached hereto as Exhibit B.

33.     The Policy provides general liability coverage to the Named Insureds according to Form CG 00 01 04 13, which includes the following insuring agreement:

**SECTION I - COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

**a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)**     The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)**     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

**b.**     This insurance applies to "bodily injury" and "property damage" only if:

**(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

4

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and …

\* \* \*

34. The Policy includes the following definitions:

**Section V – Definitions**

\* \* \*

**2.** "Auto" means:

**a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

**b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**3.** "Bodily injury" means physical injury, physical sickness or physical disease sustained by any one person, including death resulting from any of these at any time. "Bodily injury" does not include shock or emotional, mental or psychological distress, injury, trauma or anguish, or other similar condition, unless such condition results solely and directly from that one person's prior physical injury, physical sickness or physical disease otherwise covered under this insurance.

\* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

5

\* \* \*

35.    The Policy includes an endorsement titled, Auto Exclusion (Absolute), written on Form AD 67 38 08 19, which states:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

\* \* \*

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" allegedly or actually arising out of, related to, caused by, contributed to by, or in any way connected to or with:

1.    The ownership, maintenance, "use", or entrustment to others, by or on behalf of any insured of an "auto".

2.    The direct or indirect arranging or brokering by or on behalf of any insured for the ownership, maintenance, "use" or entrustment to others of any "auto".

3.    The "use" of any "auto" by anyone as a public or livery conveyance for passengers. This includes, but is not limited to, any period of time the user is logged into a "transportation network platform" whether or not a passenger is "occupying" the "auto."

4.    The "use" of any "auto" by anyone for "delivery services." This includes, but is not limited to, any period of time the user is logged into a "transportation network platform" or "delivery network platform," whether or not the goods, services or products to be delivered are in the covered "auto."

This exclusion applies even if the claims against any insured, or anyone acting on any insured's behalf, allege negligence or any other wrongdoing in the supervision, hiring, retention, employment, training, or monitoring of others by or on behalf of any insured.

Direct or indirect arranging or brokering by or on behalf of any insured includes, but is not limited to "bodily injury", "property damage" or "personal and advertising injury" arising out of, related to, caused by, contributed to by, or in any way connected to or with the ownership, maintenance, "use" or entrustment to others of any "auto" by another for

6

which any insured is alleged to be liable under any theory of law, including but not limited to joint venture, respondeat superior, conspiracy, partnership or joint enterprise.

This exclusion also applies to any "bodily injury", "property damage" or "personal and advertising injury" for which any insured is obligated, or is alleged to be obligated, to pay damages or defend any "suit" by reason of the assumption of liability in an "insured contract."

We shall have no duty to defend any insured against any loss, claim, "suit", or other proceeding alleging damages arising out of or related to "bodily injury", "property damage" or "personal and advertising injury" to which this exclusion applies.

36.    The Policy includes the Named Insured Endorsement, Form AD07850195, which

states:

This endorsement modifies insurance provided under the following:

COMMERICAL GENERAL LIABILITY COVERAGE PART

It is agreed the Named Insured as shown on the Common Policy Declarations is as follows:

SOLID WASTE SERVICES, INC.
J.P. MASCARO & SONS
M.B. INVESTMENTS
FRANCONIA ASSOCIATES
JPMS, INC.
LEHIGH VALLEY RECYCLING, INC.
F. R. & S., INC.
J.P. MASCARO, INC.
LACKAWANNA TRANSPORT COMPANY, D/B/A WETZEL COUNTY SANITARY LANDFILL (A WV CORPORATION);
(FORMERLY ELLER SANITARY LANDFILL, INC.)
SOLID WASTE SERVICES OF WEST VIRGINIA, INC.
M.B. INVESTMENTS OF WEST VIRGINIA
LANDFILL DEVELOPMENT AND DESIGN, INC.
GREAT VALLEY RECYCLING, INC.
FOX TRANSFER STATION, INC.
IDA, INC.
MPJ REALTY, INC.
VALERO TERRESTRIAL CORP. D/B/A BROOKE COUNTY SANITARY LANDFILL
PASQUALE MASCARO

7

JOSEPH P. MASCARO
MICHAEL MASCARO
LOUIS MASCARO
FRANCESCO MASCARO
LANDFILL DEVELOPMENT & DESIGN CO.
AMERICAN COMPOST CORPORATION
A&M COMPOSTING, INC
WESTERN BERKS COMPOST CORPORATION
VALLEY DISPOSAL, INC.
JOIDA, INC.
WHITE PINES CORPORATION
EAGLE ENVIRONMENTAL, L.P.
RECYCLING INVESTMENTS, INC.Page 2 of 2 AD 07 85 01 95
KHODARA ENVIRONMENTAL
WPAC, INC.
HLP, INC.
HLAC, INC.
HERITAGE CAMPGROUND
SLUDGE SERVICES, INC.
IDAMAS, LLC.
2650 AUDUBON ROAD, LP
TRANSPORT LOGISTICS, INC
THE SLM SHORE TRUST
BBSA CORP.
BIRDSBORO SLAG PRODUCTS COMPANY, INC.,
WYOMING VALLEY RECYCLING, INC.
TRANSPORT STRATEGIES, INC.
MRAC, INC
MB CLAIMS MANAGEMENT COMPANY
TOTAL RECYCLE, INC.
SUSAN LEE MASCARO
PIKE SALVAGE LLC
PIKE SALVAGE REALTY LLC

37.     The Named Insured Endorsement does not list "JP Mascaro Total Recycle" as a named insured.

**C.      Admiral's Defense Under a Reservation of Rights**

38.     Upon receipt of the Bichoff Complaint, Admiral reserved rights and agreed to defend the Mascaro Defendants via a November 20, 2024 reservation of rights letter issued to the Mascaro Defendants. A copy of the November 20, 2024 letter is attached as Exhibit C.

39.     Pursuant to the November 20, 2024 letter, Admiral reserved, in part, the right to

8

disclaim coverage and to pursue a declaratory judgment action to determine the rights and obligations of Admiral. *See* Exhibit C.

40.     On January 3, 2025, Admiral issued a supplemental reservation of rights letter to the Mascaro Defendants, which continued to reserve the right to disclaim coverage and to pursue a declaratory judgment action to determine the rights and obligations of Admiral. A copy of the January 3, 2025 letter is attached as Exhibit D.

41.     On February 18, 2025, Admiral issued a second supplemental reservation of rights letter to the Mascaro Defendants, further reserving the right to disclaim coverage and to pursue a declaratory judgment action to determine the rights and obligations of Admiral.  A copy of the February 18, 2025 letter is attached as Exhibit E.

42.     Admiral is continuing to defend the Mascaro Defendants in the Bischoff Action subject to these reservation of rights.

### COUNT I – DECLARATORY JUDGMENT: "AUTO EXCLUSION (ABSOLUTE)"

43.     Admiral incorporates the preceding paragraphs of this Complaint as though set forth in full herein.

44.     The Policy's "Auto Exclusion (Absolute)" excludes coverage for "'bodily injury' … arising out of, related to, caused by, contributed to by, or in any way connected to or with…[t]he ownership, maintenance, 'use' or entrustment to others, by or on behalf of any insured of an 'auto'". *See* Exhibit B at Endorsement Form AD 67 38 08 19.

45.     The factual allegations in the Bischoff Complaint allege that Kellen's death was caused by the ownership, maintenance, use or entrustment to others by an insured of an auto.

46.     Therefore, Admiral has no duty to defend Mascaro in the Bischoff Action because the factual allegations of the Bischoff Complaint trigger the "Auto Exclusion (Absolute)".

47.     Further, because the duty to defend is broader than the duty to indemnify, Admiral

9

cannot have a duty to indemnify the Mascaro Defendants if it does not have a duty to defend the Mascaro Defendants.

**WHEREFORE**, Plaintiff Admiral Insurance Company seeks judgment in its favor and against all others, including the following declarations:

    a. Admiral has no duty to defend the Mascaro Defendants in the Bischoff Action;

    b. Admiral has no duty to indemnify the Mascaro Defendants in the Bischoff Action; and

    c. Any other relief the Court determines equitable or just.

## COUNT II – DECLARATORY JUDGMENT: JP MASCARO TOTAL RECYCLE

48. Admiral incorporates the preceding paragraphs of this Complaint as though set forth in full.

49. JP Mascaro Total Recycle is not an insured under the Policy because it is not identified as a named insured.

50. JP Mascaro Total Recycle does not qualify as an insured on any other basis under the Policy.

**WHEREFORE**, Plaintiff Admiral Insurance Company seeks judgment in its favor and against all others, including the following declarations:

    a. JP Mascaro Total Recycle is not an insured under the Policy;

    b. Admiral has no duty to defend JP Mascaro Total Recycle in the Bischoff Action;

    c. Admiral has no duty to indemnify JP Mascaro Total Recycle in the Bischoff Action; and

    d. Any other relief the Court determines equitable or just.

**GOLDBERG SEGALLA LLP**

By: /s/ Sean P. Hvisdas

    Michael A. Hamilton, Attorney ID 72166
    Sean P. Hvisdas, Attorney ID 317987
    Mailing Address:
    P.O. Box 360, Buffalo, NY 14201
    1700 Market Street, Suite 3232
    Philadelphia, PA 19103-3907
    Telephone: 267-519-6800
    mhamilton@goldbergsegalla.com
    shvisdas@goldbergsegalla.com

Dated: March 27, 2025

11