IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ADMIRAL INSURANCE COMPANY**, <br><br> v. <br><br> **J.P. MASCARO & SONS, et al.** | **CIVIL ACTION** <br><br> **No. 25-1547** |

**MEMORANDUM**

**Henry, J.**                                                            **March 27, 2026**

Admiral Insurance Company ("Admiral") seeks a declaration that it has no duty to defend

or indemnify J.P Mascaro & Sons, Solid Waste Services, Inc., and Total Recycle, Inc.

(collectively "Mascaro") in a state court action. In the state court matter, titled *Patricia Bischoff,*

*as Administrator of the Estate of Kellen J. Bischoff v. J.P. Mascaro & Sons, Solid Waste Services,*

*Inc., J.P. Mascaro Total Recycle, Total Recycle, Inc., et al*, Patricia Bischoff brings an action in

the Philadelphia County Court of Common Pleas against numerous defendants for the death of

her son, Kellen. Mrs. Bischoff alleges that her son attended a party with friends, became

intoxicated and separated from his friends, climbed into a recycling dumpster and was crushed to

death in the back of a waste/recycling removal truck. Admiral has filed a Motion for Judgment

on the Pleadings in this matter, and for the reasons stated below, it will be granted.

I.      **BACKGROUND**

A.  **Underlying State Court Action**

The current operative complaint in the state court action was filed on April 14, 2025, in

the Philadelphia Court of Common Pleas. *See generally*, ECF No. 18, Ex. 1, Second Amended

1

Complaint ("Bischoff Compl."). According to the Bischoff Complaint, Mr. Bischoff visited his brother at Kutztown University on November 11, 2022, and attended a party with friends. Bischoff Compl. at ¶¶ 48-50. Mr. Bischoff became intoxicated and separated from others at the party, then climbed into a recycling dumpster that was located at the rear of the Dollar Tree in Kutztown Village. *Id*. at 52-54, 61. Video surveillance confirmed that a waste management/recycling truck owned by Mascaro picked up the recyclables the next morning. *Id*. at ¶ 63. The Bischoff Complaint alleges that Mr. Bischoff "was slowly crushed to death in the back" of the waste/recycling truck, and the coroner determined that he had been alive prior to being crushed. *Id*. at ¶¶ 48, 60. In the morning of November 12, 2022, an employee at J.P. Mascaro Total Recycle identified a body on a conveyor belt at the facility which was eventually identified as Mr. Bischoff. *Id*. at ¶¶56, 58.

### B. Relevant Policy Provisions

Admiral issued a Commercial General Liability Policy to Mascaro. *See generally* ECF No. 1-4. In part, the Policy applies to "bodily injury" caused by an "occurrence" in the "coverage territory" and during the policy period. ECF No. 1-4, p. 12 of 102. The Policy contains a section of definitions, that states as follows:

2. "Auto" means:

> a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or
>
> b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.
>
> However, "auto" does not include "mobile equipment."

* * *

12. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

2

* * *

      d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

      (1) Power cranes, shovels, loaders, diggers or drills.

ECF No. 1-4 at 23-25 of 102.

The Policy also includes numerous exclusions and endorsements. Primarily at issue in this matter is the Absolute Auto Exclusion. The original auto exclusion was found in the Policy at exclusion 2(g), "Aircraft, Auto or Watercraft." *Id*. at 15 of 102. The original auto exclusion stated that it did not provide coverage for "bodily injury" arising out of the "ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured." *Id*. The "Limited Coverage for Designated Unmanned Aircraft" endorsement amends exclusion 2(g) and includes a section specifically addressing unmanned aircraft and a separate section for "aircraft (other than unmanned aircraft), auto or watercraft." *Id*. at 54-55 of 102. The Unmanned Aircraft exclusion contains identical language to exclusion 2(g) stating that it doesn't cover "bodily injury . . . arising out of the ownership, maintenance, use or entrustment of any . . . 'auto'. . . owned or operated by or rented to loaned to any insured." *Id*. at 55.

The "Auto Exclusion (Absolute)" modifies the policy by first deleting the term "auto" from Exclusion 2(g). *Id*. at 92 of 102. Accordingly, it states that 2(g) remains in full effect with respect to aircraft and watercraft only. *Id*. The Absolute Auto Exclusion also adds the following:

      This insurance does not apply to "bodily injury" . . . allegedly or actually arising out of, related to, caused by, contributed to by, or in any way connected to or with:

      1.  The ownership, maintenance, "use," or entrustment to others, by or on behalf of any insured of an "auto."

3

ECF No. 1-4 at 92 of 102.

Admiral sues for a declaration that it has no duty to defend or indemnify Mascaro in Bischoff's suit based on the allegations in the Bischoff Complaint because they allege that Mascaro's use and ownership of a recycling truck caused bodily injury.

## II.    STANDARD OF REVIEW

A party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). A court will grant a motion for judgment on the pleadings if the moving party shows that "there are no issues of material fact, and that he is entitled to judgment as a matter of law." *Allstate Prop. & Cas. Ins. Co. v. Squires*, 667 F.3d 388, 390 (3d Cir. 2012) (citation omitted). In deciding the instant motion, I "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 220 (3d Cir. 2005).

In a motion for judgment on the pleadings, the Court is typically constrained in its review to the four corners of the pleadings. I may consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, matters of public record, and indisputably authentic documents attached to the motion – provided the claims are based on these documents." *State Farm Fire v. Rockinmusik LLC,* No. 22-4243, 2023 WL 3005009, at *6 (E.D. Pa. Apr. 19, 2023) (citations omitted). The present complaint includes by attachment both the insurance policy and the underlying complaint, Admiral's November 20, 2024, reservation of rights letter, Admiral's January 3, 2025, supplemental reservation of rights letter, and its February 18, 2025, second supplemental reservation of rights letter. ECF 1, Exs. A-E. However, my task here is to compare the language of the policy to the allegations in the underlying complaint to determine if coverage is required. *Ramara, Inc. v. Westfield Ins. Co.*, 814

F.3d 660, 674 (3d Cir. 2016). An insurer's duty to defend is "to be determined *solely* by the allegations of the complaint." *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Com. Union Ins. Co.*, 908 A.2d 888, 896 (Pa. 2006) (citing rule as "well established") (cleaned up, emphasis original). "If the complaint filed against the insured avers facts which would support a recovery that is covered by the policy, it is the duty of the insurer to defend until such time as the claim is confined to a recovery that the policy does not cover." *Erie Ins. Exch. v. Transamerica Ins. Co.*, 533 A.2d 1363, 1368 (Pa. 1987).

III.    <u>ANALYSIS</u>

Admiral moves for judgment on the pleadings by arguing that the facts set forth in the Bischoff Complaint show no potential for insurance coverage for Mascaro in the underlying action. Specifically, Admiral argues that the Absolute Auto Exclusion applies because the Bischoff Complaint contains auto-related allegations, and therefore, it has no duty to defend or indemnify Mascaro.

At the core of Admiral's motion is the question of whether the allegations in the Bischoff Complaint fall clearly within or potentially without the policy's auto exclusion. First, Admiral argues that the Bischoff Complaint "alleges a sufficient causal connection between [Mr. Bischoff]'s bodily injuries and the ownership or use of an Auto to trigger the Absolute Auto Exclusion." ECF No. 19, Admiral's Memo in Support ("Memo") at 6. In its opposition, Mascaro argues that the Bischoff Complaint does not establish that its recycling truck is an "auto" or that the truck was owned, maintained or used by any of the Mascaro defendants. ECF No. 21, Mascaro Opposition ("Oppo") at 17-21. Mascaro also argues that the auto exclusion in the Unmanned Aircraft Endorsement controls over the auto exclusion in the Absolute Auto Endorsement and the Bischoff Complaint does not allege sufficient facts to apply the Unmanned

Aircraft Endorsement's auto exclusion. Oppo. at 21-24. Lastly, Mascaro argues that Admiral has a duty to defend it regardless of the auto exclusion because the Bischoff Complaint contains claims that do not involve the recycling truck. Oppo. at 24-26. I will address each argument below.

### A.  The Recycling Truck is an "Auto" as Defined by the Policy

As set forth above, the Policy defines an "auto" as a "land motor vehicle, trailer or semitrailer designed for travel on public roads . . . or subject to compulsory, financial responsibility, or other vehicle insurance law." ECF 1-4 at 23-25 of 102. An "auto" as defined by the Policy also includes "any attached machinery or equipment," but does not include "mobile equipment." *Id*. at 23-24. Admiral understandably argues that a recycling truck is a "land motor vehicle designed for travel on public roads." Mascaro however, argues that the Bischoff Complaint does not contain sufficient allegations to demonstrate that the recycling truck either was designed for travel on public roads or was subject to vehicle insurance law; therefore, the recycling truck is not an "auto" under the Policy. Next, Mascaro also argues that because the Bischoff Complaint mentioned that the recycling truck had a "loading system," it is in fact "mobile equipment" and therefore is not an "auto."

Although creative, both arguments fail. First, the Bischoff Complaint alleges that Mr. Bischoff climbed into a recycling dumpster at the rear of the Dollar Tree in Kutztown, video surveillance showed a recycling truck pick up the recyclables, and that Mr. Bischoff's body was discovered at J.P. Mascaro Total Recycle in Birdsboro, PA the next morning. Bischoff Compl. at ¶¶ 61, 63, 56, 13. There is a distance of over 25 miles between the Dollar Tree in Kutztown and the Mascaro facility in Birdsboro,[1] and traveling this distance would obviously have required the

---

[1] I am permitted to take judicial notice of distance and do so in this instance by referencing http://www.mapquest.com. *See Coppola v. Ferrellgas*, 250 F.R.D. 195, 199 (E.D. Pa. 2008).

recycling truck to travel on public roads. It would defy logic to allow Mascaro to avoid application of the auto exclusion by giving weight to its argument that a recycling truck that traveled over 25 miles from one location to another was not a "land motor vehicle . . . designed for travel on public roads." There is no requirement in Pennsylvania law that a complaint must plead the exact language of an exclusion as set forth in an insurance policy for said exclusion to apply, and the argument advanced by Mascaro would lead to just such an absurd result.

As to Mascaro's argument that the recycling truck may fall under the Policy's definition of "mobile equipment," there are no specific factual allegations contained in the Bischoff Complaint that meet the definition of mobile equipment. The mere fleeting mention of the recycling truck's "loading system" in the Bischoff Complaint is insufficient to bring the recycling truck under the Policy's definition of mobile equipment. Therefore, I find that the recycling truck in question is an "auto" as defined by the Policy.

### B. The Bischoff Complaint Alleges that the Recycling Truck was Owned, Maintained, Used or Entrusted to Others by the Mascaro Defendants.

Next, Mascaro argues that to meet the Policy's definition of "auto," Mr. Bischoff's injuries must be connected to the "ownership, maintenance, use or entrustment to others" of a vehicle of one of the insured entities, and that the Bischoff Complaint never expressly alleged who owned, maintained, used or entrusted to others the recycling truck because it states that the truck "was owned, maintained and/or controlled by the Mascaro co-defendants." Oppo. at 20-21; Bischoff Compl. at ¶ 63. Mascaro takes issue with the phrase "the Mascaro co-defendants," as it claims that the Bischoff Complaint does not define the phrase, nor specify who "the Mascaro co-defendants" actually are. Oppo. at 20.

I find this argument to be unpersuasive, as the four corners of the Bischoff Complaint plainly show that the phrase "the Mascaro co-defendants" refers to J.P. Mascaro & Sons, Solid

Waste Services, Inc. and Total Recycle Inc.[2] Accordingly, I find that the recycling truck in question was owned, maintained, used or entrusted by Mascaro as defined by the Policy.

### C. Absolute Auto Endorsement Controls over the Unmanned Aircraft Endorsement and Applies to the Bischoff Complaint

Next, Mascaro argues that if the recycling truck is an "auto" under the terms of the Policy, the Unmanned Aircraft Endorsement controls over the Absolute Auto Endorsement, and the Unmanned Aircraft Endorsement's auto exclusion does not apply to the facts of the Bischoff Complaint. Oppo. at 21-24. Specifically, Mascaro argues that the Unmanned Aircraft Endorsement conflicts with the Absolute Auto Endorsement, resulting in an ambiguity in the Policy that must be construed in favor of Mascaro. However, I find no such conflict.

Recently, in *Admiral Ins. Co. v. Solid Waste Services, Inc., et al*, No. 24-3810, 2026 WL 674374 (E.D. Pa. Mar. 10, 2026), the Honorable Mary Kay Costello examined this exact issue between the same parties involving the same policy provisions. Judge Costello found that there was no conflict between the Unmanned Aircraft Endorsement and the Absolute Auto Exclusion, stating as follows:

> [The two exclusions] operate in a logical hierarchy. Assuming the Unmanned Aircraft Endorsement applies, it merely replaces the text of Exclusion g. with a version that addresses unmanned aircraft. The new version is still located at Exclusion g. The Absolute Auto Exclusion then deletes the term "auto" from Exclusion g. and adds a standalone exclusion. The provisions do not conflict and there is no ambiguity for the Court to resolve.

*Admiral Ins. Co. v. Solid Waste Services, Inc.*, 2026 WL 674374, at *5. I agree with Judge Costello's reasoning and find that there is no conflict between the Unmanned Aircraft Endorsement and the Absolute Auto Exclusion and therefore, no ambiguity in the Policy. I too

---

[2] Mascaro claims that an additional defendant, J.P. Mascaro Total Recycle does not exist, but that is irrelevant to this argument as to the remainder of the Mascaro defendants.

"decline[]to create an ambiguity merely because the Policy requires careful reading to figure out how multiple endorsements work." *Admiral Ins. Co.*, 2026 WL 674374, at *5.

As I have found that the Absolute Auto Exclusion controls, I must determine whether it bars coverage to Mascaro in the Bischoff matter. The Absolute Auto Exclusion is quite broad, excluding coverage for bodily injury "actually or allegedly arising out of, related to, caused by, contributed to by, or in any way connected to or with" ownership, maintenance or use of an auto. ECF 1-4 at 92 of 102. As opposed to the Unmanned Aircraft Exclusion, the Absolute Auto Exclusion requires only a minimal causal relationship between the bodily injury and the use or ownership of an auto. As recently stated by the Third Circuit, "[t]he language 'based upon, arising from, or in any way related to' is sweeping in scope; the phrase 'arising from' requires only but-for causation (not proximate causation), and the phrase 'in any way related to' seems to permit an even looser connection. . ." *Twin City Fire Ins. Co. v. Glenn O. Hawbaker, Inc.*, 118 F.4th 567, 576 (3d Cir. 2024).

A review of the four corners of the Bischoff Complaint clearly shows that this minimal causal relationship is satisfied, as it alleges that Mr. Bischoff's injuries were caused by the recycling truck. Specifically, it alleges that Mr. Bischoff was "crushed to death in the back of a waste/recycling removal truck," and that the coroner determined he was alive prior to being crushed by the truck. Bischoff Compl., ¶¶ 48, 60. Further, it alleges that the truck in question was "owned, maintained and/or controlled by the Mascaro co-defendants," and that Mascaro was responsible for "picking up, transporting and crushing the recyclables in the dumpster." *Id*. at ¶¶ 63, 144, 152. It alleges that Mascaro was negligent in failing to inspect its recycling truck, failing to have cameras on the truck, and in telling their drivers not to inspect the dumpsters for people prior to emptying them into the trucks. Bischoff Compl., ¶¶ 144(e), 144(p), 46. It is hard to

imagine how the facts as pled in the Bischoff Complaint are not, at a minimum, "connected to" the use of an "auto" as set forth in the Policy. Accordingly, I find the Absolute Auto Exclusion applies in this matter and Admiral has no duty to defend Mascaro in the Bischoff litigation.

### D. The Auto Exclusion Relieves Admiral of the Duty to Defend Regardless of the Manner in Which The Claims are Pled

Lastly, Mascaro argues that because the Bischoff Complaint includes claims that Mascaro believes have nothing to do with the recycling truck, the Absolute Auto Exclusion is not triggered as to those claims and Admiral must defend them in the Bischoff action as long as those claims are part of that case. Oppo. at 24-26. This same argument is made by the Bischoffs in opposition to Admiral's motion. ECF No. 20, Bischoff Opposition. Specifically, Mascaro and the Bischoffs point to alleged negligence by Mascaro with regard to the dumpster, as well as a products liability claim for the dumpster directed to the Mascaro defendants, as being "claims concerning the state of the dumpster" that "do not turn on the ownership, maintenance, use or entrustment to others of an auto." Oppo. at 26.

This argument is incorrect for two reasons. First, as discussed previously, the four corners of the Bischoff Complaint clearly pled sufficient facts against Mascaro to trigger the Absolute Auto Exclusion. It is irrelevant how the Bischoff Complaint titled the individual causes of action against Mascaro. As stated by the Pennsylvania Supreme Court, "the particular cause of action that a complainant pleads is not determinative of whether coverage has been triggered. Instead it is necessary to look at the factual allegations contained in the complaint." *Mut. Ben. Ins. Co. v. Haver*, 725 A.2d 743, 745 (1999). The factual allegations contained in the Bischoff Complaint show all claims involve an auto in some way; therefore, the exclusion applies.

Second, the Absolute Auto Exclusion contains broad causal language, as it does not require bodily injury to actually "arise from," the use of an auto; rather, it permits a much lesser

10

degree of causation by stating that bodily injury must be "contributed to by, or in any way connected to or with" the use of an auto. At a minimum, that lesser degree of causation is present in the Bischoff Complaint as to all allegations directed at Mascaro. Even the allegations dealing with the condition of the dumpster involve an auto, as a recycling dumpster is connected to the use of the recycling truck that empties it. Accordingly, this argument must also fail.

## IV.   <u>CONCLUSION</u>

Because Mascaro's insurance policy with Admiral clearly does not provide coverage in the Bischoff matter due to the application of the Absolute Auto Exclusion, Admiral's motion for judgment on the pleadings will be granted.